# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CAROL J. APPLETON,

        Plaintiff,

        v.                      Case No. 26-CV-493

MARK J. MCGINNIS,
BRUCE CHUDACOFF,
NANCY CHUDACOFF,
ROBIN VETERNICK,
GREGORY B GILL,
TIM GREUNKE,
and JASON RESNICK,

        Defendants.

---

## DECISION AND ORDER

---

Currently pending before the court is Carol J Appleton's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Appleton's request, the court concludes that Appleton lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Appleton's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**.

However, because the court is granting Appleton's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

### I.    Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an

2

indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

## II. Analysis

There is a reason that Fed. R. Civ. P. 8(a)(2) specifies a "short and plain" statement when crafting a complaint. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Dismissal of a complaint is appropriate if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011).

The court does not question the earnestness of Appleton's concerns—she appears to be alleging that several individuals involved in the custody decisions of her children had conflicts of interest. But Appleton's allegations are strung together in a rambling manner, making it difficult for the court to identify a plausible federal

4

claim for relief. *See, e.g., Greyer v. FBI,* No. 25-CV-440-JPS, 2025 LX 250823, at *2 (E.D. Wis. Mar. 27, 2025) (dismissing case where plaintiff's "allegations do not make enough narrative sense for the Court to even begin determining what happened to her or on what, if any, legal claims she may pursue.") In its current form, Appleton's complaint does not give "fair notice of what the . . . claim is and the grounds upon which it rests," to either defendants or the court. *Twombly*, 550 U.S. at 555.

Appleton will be permitted to amend her complaint, *see Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022), but she should take note that several of the defendants she named may be immune from suit. Judges are entitled to absolute immunity when their challenged actions are judicial in nature. *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (7th Cir. 2020) ("This immunity applies even when the judge's actions are in error, malicious, or in excess of his or her jurisdiction."). Court commissioners will receive similar immunity for claims that arise when performing their judicial functions. *Griffin v. State of Wisconsin*, No. Case 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007) (noting that, like judges, court commissioners in Wisconsin have absolute immunity for claims arising out of their judicial functions). Guardians ad litem are duly immune from liability for damages when they act at the court's direction. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). And general allegations against nonspecific individuals are insufficient to state a claim. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful.").

### III. Conclusion

Appleton's complaint fails to show that she is entitled to relief pursuant to Fed. R. Civ. P. 8(a)(2). However, she is permitted at least one opportunity to amend her complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Appleton will have thirty days to file an amended complaint that cures the deficiencies identified in this decision. Appleton is reminded that her amended complaint does not need to be long and should focus on the specific conduct of the individuals who personally violated her rights.

If an amended complaint is received by the deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If an amended complaint is not received, the court will dismiss this action based on Appleton's failure to state a claim in her original complaint. Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Appleton's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. If Appleton wishes to proceed with this lawsuit, she must file an amended complaint within thirty days of this order.

Dated at Green Bay, Wisconsin this 6th day of April, 2026.

*s/ Bryon B. Conway*
BYRON B. CONWAY
United States District Judge
